## Case No. 4,135.

DUNCAN et al. v. FIRST NAT. BANK OF MT. PLEASANT.

### MILLINGER v. SAME.

[26 Pittsb. Leg. J. 129; 15 Alb. Law J. 330; 11 Bankers' Mag. (3d S.) 787; 1 Thomp. Nat. Bank Cas. 360.]

District Court, W. D. Pennsylvania. March 14, 1877.[1]

---

[1] [Reversed in Case No. 4,804.]

The charge of the court, delivered by Judge KETCHAM, is as follows:

Gentlemen of the Jury:—These are cases brought by the plaintiffs to recover from the defendant the penalty for taking usurious interest under the thirtieth (30th) section of the national bank law of June 3, 1864 [13 Stat. 108]. By agreement of counsel both these cases, William Duncan & Brother and Benjamin Millinger, are tried by you together. The plaintiffs, as you have seen in the course of the testimony at different times, loaned money of the defendants, Duncan & Brother, at three different times; $500 on January 30, 1873, $4,000 on July 9, 1873, and $500 July 18, 1873. Benjamin Millinger loaned $250 January 27, 1873, and $274.35 January 15, 1875. At the time of the loan in each case the bank retained nine per cent. as discount and credited the plaintiffs with the balance, taking their notes respectively for the full amount of proceeds and discount. The notes of Duncan & Brother were not paid at maturity, but were renewed from time to time. The first note of $500, of January 30, 1873, was renewed till the fall of 1874. It had been reduced by payments to the sum of $150. The note of July 9, 1873, for $400, was renewed till October, 1874. The note of July, 1873, for $500 was renewed till November, 1874. At each renewal nine per cent. interest was charged, and was paid by the plaintiffs. These notes were all sued and judgment obtained upon them for the face of the notes or the principal, before the bringing of this suit. The Millinger notes were renewed, the note of January 27, 1873, for $250, from time to time till March, 1874, when it was paid in full; the note of January 15, 1875, for $274.35, was renewed at the end of three months, for two months, and then for one month, and remained unpaid until suit was brought upon it. Judgment was obtained upon it for the full amount and interest from maturity to judgment. Interest was charged at each renewal at nine per cent. No credit was given on the principal of any payment of interest by way of reducing the principal of either of the notes of Millinger or Duncan & Brother. Judgment was entered for the notes in full, independent of interest. And the note that Millinger paid he paid in full without reduction of any payment made of interest. The nine per cent. that had been paid and retained was left entirely out of the computation.

The act of congress permits the national banks to charge the rate of interest fixed by law in the state where they are located, and no more except when by the laws of any state a different rate is limited for banks of issue organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such state under this title. The legal rate of interest in Pennsylvania is six per cent. The rate of discount allowed to banks of issue is also six per cent. and no more. It is true there are some banks that by special acts of assembly are allowed to charge more, but these are exceptions to the general law of the state. Congress deals with general rules and when it excepts banks of issue under the state laws it means the general law, applicable to the whole state, and relating to banks of issue all over the state. The special acts authorizing banks of issue, if there are any, apply only to the particular bank created by them, or permitted by them, to take more than six per cent. discount. The national banking law prohibits a national bank in Pennsylvania from taking more. In case a greater rate of interest has been paid the person by whom it has been paid, or his legal representative, may recover back in an action, in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or recovering the same, provided such action is commenced within two years from the time the usurious transactions occurred. From the origin of the loan, from the retaining of the first discount through all the renewals up to the time of final payment of the principal, or up to the time of entering judgments, there is a locus penitentiae for the party taking the excessive interest. Any time till then he may consider the excessive interest paid on account of the loan, and so apply it, and lessen the principal. Up to that time he may make this election. When payment is actually made, or judgment is entered, the election is made, and if, as in these cases, judgment is entered for the face amount of the notes or full amount of the loan, or payment is taken in full without any reduction by taking out the excessive interest, the cause of action is complete. The original loans in these cases were more than two years before these actions were brought, but the payment of one of the Millinger notes was made, and the judgment on the other Millinger note and the judgments on all the Duncan & Brother notes were entered, near the time of bringing these suits, less than two years before. The payment and the judgment concluded the transaction, and determined their character to be usurious. Till that time it was undetermined and the statute did not begin to run. These actions were brought February 1, 1876; so that they are

within the statute. The Millinger note was not paid in money direct, but by the proceeds of another note, made by another person, and indorsed by Millinger. This was not a renewal, but payment. It closed out the old note and commenced another transaction on a different piece of paper, with different parties under different liabilities. The defendants treated it as payment, and made the entries in their books accordingly. The amount of interest charged in these cases is computed, and is agreed upon by the counsel of both parties as correctly computed. It amounts in the case of Benjamin Millinger to $38.02. In the case of William Duncan & Brother to the sum of $629.91. It is the amount of interest retained and paid upon each of the notes sued by defendants up to the entry of judgment, and upon the note paid by Millinger to the time of the payment. You will find double the amount in each case for the plaintiffs respectively.